QUAL–MED, INC., Plaintiff–Appellant,

v.

ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE d/b/a Blue Cross and Blue Shield of Colorado, Defendants–Appellees.

No. 94CA0924.

Colorado Court of Appeals, Div. III.

June 29, 1995.

Rehearing Denied Aug. 17, 1995.

Certiorari Denied April 1, 1996.

Otten, Johnson, Robinson, Neff and Ragonetti, P.C., David W. Stark, David T. Brennan, Denver, Verner Liipfert Bernard McPherson and Hand, Chartered, Douglas J. Colton, Don C. Lewis, William R. Sherman, Washington, DC, for plaintiff-appellant.

Kennedy & Christopher, P.C., Richard B. Caschette, Dean A. McConnell, Denver, Foley and Lardner, Charles J. Steele, Ilene

Gotts, Washington, DC, for defendants-appellees.

Opinion by Judge NEY.

In this action, plaintiff, Qual–Med, Inc. (Qual–Med), appeals the summary judgment entered in favor of defendant, Rocky Mountain Hospital and Medical Service, d/b/a Blue Cross and Blue Shield of Colorado (Blue Cross). We reverse.

In July 1988, the State Employees and Officials Group Insurance Board of Administration (board) awarded Blue Cross a contract to provide major medical and other insurance coverage for state employees. Prior to the award of the contract, a significant number of state employees had been members of plaintiff's health maintenance organizations.

In October 1988, plaintiff filed suit in Denver (Denver action) against the board, alleging, *inter alia*, that it had violated the Colorado Procurement Code in awarding the contract to Blue Cross. In February 1989, the district court granted the board's motion to compel plaintiffs to join Blue Cross as a defendant in the Denver action.

Plaintiff's first amended complaint in the Denver action is not part of the record on appeal. Plaintiff's second amended complaint, filed in December 1989, named Blue Cross as a defendant and asserted claims of violation of the Colorado Procurement Code, the State Employees and Officials Group Insurance Act (SEOGI Act), and the Open Meetings Law; breach of contract; breach of implied covenant of good faith and fair dealing; and promissory estoppel. The claims of promissory estoppel and violation of the Colorado Procurement Code, the SEOGI Act, and the Open Meetings Law were claims that were asserted against the board and ostensibly against Blue Cross.

In June 1990, plaintiff and the board reached a settlement agreement which is not part of the record on appeal. In December 1990, plaintiff filed this action against Blue Cross in Alamosa (Alamosa action) alleging violations of the Colorado Unfair Practices Act and antitrust laws and tortious interference with current and prospective contractual relations with various Colorado employers. In February 1991, Blue Cross filed a motion with the Panel on Consolidated Multidistrict Litigation (panel) to consolidate the Alamosa action with the Denver action. The panel denied the motion in April 1991.

In August 1991, plaintiff filed a motion to amend and supplement the complaint in the Denver action to enforce the settlement agreement with the board. In April 1992, the board filed a motion for summary judgment which was granted in July 1992.

In September 1993, a division of this court affirmed the summary judgment and the claims against defendants in the Denver action were dismissed with prejudice. *See Qual–Med, Inc. v. The Colorado Department of Personnel,* (Colo.App. No. 92CA1342, September 2, 1993) (not selected for official publication).

In March 1993, Blue Cross' motion for a change of venue in the Alamosa action was granted and the case was transferred to Denver. As a result of the dismissal of plaintiff's claims in the Denver action, Blue Cross filed a motion for summary judgment based on *res judicata* in the Alamosa action. The motion was granted in April 1994 and this appeal followed.

■ Plaintiff contends that the trial court committed reversible error in entering summary judgment in favor of Blue Cross in the Alamosa action based on the doctrine of *res judicata.* We agree.

■ *Res judicata* operates as a bar to a second action on the same claim that was litigated in a prior proceeding when there is a final judgment, identity of subject matter, claims for relief, and parties to the action. *Res judicata* bars not only issues actually decided, but also any issues that should have been raised in the first proceeding but were not. *City & County of Denver v. Block 173 Associates,* 814 P.2d 824 (Colo.1991).

Because we conclude that there was no identity as to the subject matter and claims for relief in the Denver and Alamosa actions, we reverse the summary judgment.

The subject matter of plaintiff's claims in the Denver action was the board's award of a

state health insurance contract to Blue Cross. The claims for relief arising from the award of the contract are attributable solely to the conduct of the board and, although plaintiff's second amended complaint contains allegations against Blue Cross of fraud, bad faith, and unclean hands, these allegations are not pled with sufficient particularity to meet the requirements of C.R.C.P. 9(b). Thus, the allegations do not state a cause of action against Blue Cross.

Review of the original complaint and the second amended complaint reveals that, in the Denver action, plaintiff alleged violations of the Colorado Procurement Code, the SEO-GI Act, and the Colorado Open Meetings Law as well as breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel. As noted above, three of these claims may only be brought against the board, and the relief sought from the remaining claims can be obtained exclusively from the board, not Blue Cross. Blue Cross was joined in the Denver action to effect a full adjudication of the controversy and thereby avoid the imposition of inconsistent obligations on the board if its contract with Blue Cross was set aside.

In contrast, the subject matter of plaintiff's claims in the Alamosa action was Blue Cross' alleged anticompetitive pricing practices including, but not limited to, the practices it employed in obtaining the state contract. The claims for relief in the Alamosa action, violation of the Unfair Practices Act, the Colorado Antitrust Act, and tortious interference with contract, focus solely on the conduct of Blue Cross. Accordingly, we conclude that the trial court erred in its determination that plaintiff's claims against Blue Cross should have been raised in the Denver action and the failure to assert those claims in that action bars plaintiff's claims in the Alamosa action.

■ The "same claim or cause of action" requirement is bounded by the injury for which relief is demanded, not by the legal theory on which the person asserting the

claim relies. *State Engineer v. Smith Cattle, Inc.,* 780 P.2d 546 (Colo.1989).

We conclude that the claims for relief alleged by plaintiff in the Alamosa action differ from those asserted in the Denver action because the claims are substantively distinct and, most importantly, are designed to obtain redress for different injuries. Thus, the trial court committed reversible error in granting summary judgment based on *res judicata.*

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

BRIGGS and PIERCE *, JJ., concur.